IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MORENO,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK EATON,<br><br>    Respondent. | No. 2:20-CV-0873-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 13.

       This action proceeds on the original petition. See ECF No. 1. Petitioner challenges a prison disciplinary guilty finding following a rules violation charged on May 25, 2019. See id. at 4. Petitioner alleges "irregularities committed during the [disciplinary hearing] process" which resulted in a guilty finding and a loss of 90 days of good-time credits. See id. at 5. In his motion to dismiss, Respondent argues Petitioner's claim is not cognizable under 28 U.S.C. § 2254 because it does not lie at the core of habeas. See ECF No. 13, pgs. 3-4. The Court agrees.

/ / /

/ / /

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").

In Nettles v. Grounds, the Ninth Circuit addressed the very issues presented in this case.  See 830 F.3d 922 (9th Cir. 2016).  Nettles, a state prisoner serving a life sentence, appealed the district court's dismissal of his habeas petition for lack of jurisdiction.  See id. at 924-25. Nettles's petition challenged a 2008 prison disciplinary decision resulting in, among other things, a loss of good-time credits.  See id. at 926.  The district court dismissed the petition, "holding that he [Nettles] could not show that expungement of the 2008 rules violation report was likely to accelerate his eligibility for parole."  Id. at 927.  Citing Preiser, the Ninth Circuit agreed, concluding that "because Nettles's claim does not fall within the 'core of habeas corpus,' Prieser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), it must be brought, if at all, under 42 U.S.C. § 1983." Id. at 925-26.

A claim lies at the core of habeas when success on the claim could necessarily lead to an immediate or speedier release.  See id. at 934-35.  The Ninth Circuit concluded that success on Nettles's claim, which would result in expungement of the 2008 rules violation and restoration of the lost good-time credits, would not necessarily speed Nettles's release because, as an inmate serving an indeterminate life sentence, the decision to grant or deny parole lies within the discretion of the Board of Parole Hearings.  See id. at 935-36.  While restored good-time credits might affect the parole decision or entitle the inmate to an earlier consideration for parole,

restored good-time credits would not necessarily lead to an earlier release from prison. See id.

The situation in the instant case is the same. Here, Petitioner is serving an indeterminate life sentence.[1] Unlike inmates serving determinate sentences for whom good-time credits accelerate their release date, the existence of good-time credits here could only lead to Petitioner being considered for discretionary parole at an earlier date. Whether Petitioner is actually granted parole remains a matter of the discretion of the Board of Parole Hearings. Thus, restoration of good-time credits would not necessarily mean Petitioner is entitled to an earlier release. It would only, at most, alter the calculus of the Board's discretionary decision. For this reason, Petitioner's claim does not lie at the core of habeas and is not cognizable under 28 U.S.C. § 2254.

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization. See Nettles, 830 F.3d at 936. A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief. See id. If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner." Id.

Here, the Court does not recommend recharacterization of Petitioner's habeas corpus action as a civil rights action. Specifically, the petition does not name the correct defendant for a civil rights action. The petition names the prison warden. The correct defendant for a civil rights action would not be the prison warden but the person who is alleged to be responsible for the violations Petitioner says occurred at the disciplinary hearing.

/ / /

/ / /

/ / /

/ / /

---

[1] Attached to Respondent's motion to dismiss is a copy of the abstract of judgment for Petitioner's commitment offense. See ECF No. 13, pgs. 19-20. This document, which is a public court record this Court may judicially notice, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), shows Petitioner received an indeterminate life sentence for his various convictions.

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 13, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE